NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DELBERT FRED BRECHLER, *Appellant*.

No. 1 CA-CR 14-0601
FILED 7-30-2015

Appeal from the Superior Court in Mohave County
No. S8015CR201300937
The Honorable Rick A. Williams, Judge

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Andrew S. Reilly
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Kenton D. Jones joined.

---

**T H O M P S O N**, Judge:

¶1　　　This case comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Delbert Fred Brechler (defendant) has filed a brief requesting that this court conduct an *Anders* review of the record. In that brief, counsel asserts that defendant's conviction and sentence for DUI with a blood alcohol concentration (BAC) over .08% must be vacated because it is a lesser included offense to DUI with BAC over .15%. We ordered the parties to submit supplemental briefs addressing the issue. In its supplemental brief, the state concedes that *per se* DUI with BAC over .08% is a lesser included offense of DUI with a BAC over .15% and that the conviction and sentence for the lesser included offense should be vacated. Defendant has been afforded an opportunity to file a supplemental brief *in propria persona*, but he has not done so.

¶2　　　On July 21, 2013, defendant was in a car accident on Route 66 in Mohave County involving a Ford Ranger driven by seventeen-year-old C.R. and occupied by J.S. Defendant's Volvo hit the Ford Ranger from behind as both vehicles traveled down the road, causing the Ford Ranger to roll into the median. J.S. was able to get out of the Ford Ranger but was injured in the accident. C.R. died at the hospital that night. DPS officers arrived at the scene and defendant admitted that he was the driver of the Volvo. A DPS officer observed several signs of defendant's impairment and conducted a series of standardized field sobriety tests, all of which he failed. The officer arrested defendant and conducted breathalyzer tests; defendant registered a .205% and a .209% BAC. The results of defendant's blood draw showed a .208% and .209% BAC.

¶3　　　The state charged defendant with one count of manslaughter, a class 2  dangerous felony (death of C.S.); one count of aggravated assault with a deadly weapon, a class 3 dangerous felony (as to J.S.); and three counts of misdemeanor DUI (under the influence of intoxicating liquor, BAC over .08%, and extreme DUI with BAC over .15%). Defendant was not present at trial, and the court issued a bench warrant. The jury found

defendant guilty on all charges. The jury also found the following aggravating factors as to the manslaughter: 1) emotional harm to the family of C.R.; 2) BAC over .15%; 3) the youth of the victim; and 4) defendant had a previous DUI offense within the past seven years. As to the aggravated assault, the jury found the following aggravating factors: 1) emotional harm to the victim; 2) BAC over .15%; and 3) defendant's DUI conviction within the past seven years. The trial court found the following mitigating factors: no prior felony convictions and defendant's role as caretaker for his parents.

¶4 Defendant was present during sentencing. In light of all aggravating and mitigating factors, the trial court sentenced defendant to an aggravated sentence of eighteen years for manslaughter (count 1) to run consecutively to an aggravated sentence of ten years for aggravated assault (count 2). The court ordered the sentences for counts 1 and 2 to run consecutively to the DUI sentences. For each of the three counts of DUI (counts 3, 4, and 5), the trial court sentenced defendant to sixty days in jail with credit for sixty days served, all to run concurrently.

¶5 We have read and considered defendant's *Anders* brief as well as the parties' supplemental briefs, and we have searched the entire record for reversible error. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. The state concedes in its supplemental brief that defendant's conviction for *per se* DUI with a BAC over .08% is a lesser included offense of extreme DUI with a BAC over .15% and that defendant's sentence and conviction for count 4 should be vacated. We agree. *See State v. Solis*, 236 Ariz. 242, 249 ¶ 24, 338 P.3d 982, 989 (App. 2014) ("charges of driving with a BAC of .08 or more and extreme DUI with a BAC of .15 are lesser-included offenses of DUI with a BAC of .20 or more, and double jeopardy bar[s] . . . convictions for those charges."). Otherwise, all of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentence imposed was within the statutory limits.

¶6 We affirm defendant's convictions and sentences for counts 1, 2, 3, and 5. We vacate defendant's conviction and sentence for count 4, DUI with BAC over .08%. Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984), defendant's counsel's obligations in this appeal are at an end. Defendant has thirty days from the date of this decision in which

to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: ama